## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 08 C 2055 | **DATE** | July 29, 2008 |
| **CASE TITLE** | Walter Steven Carlos-El (#2007-0082858) v. Richard A. Devine, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to proceed *in forma pauperis* [7] is granted. This action is dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim. The Court orders the trust fund officer at Cook County Jail to deduct $ 1.80 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee and to make further deductions as stated below. The Clerk shall send a copy of this order to Elizabeth Hudson, Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Il. 60608. This is one of Plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g).

■ [For further details see text below.]    Docketing to mail notices.

### STATEMENT

Plaintiff, Walter Steven Carlos-El, an inmate at the Cook County Department of Corrections, brings this *pro se* complaint pursuant to 42 U.S.C. § 1983. The Court finds that Plaintiff is unable to prepay the filing fee. The Court grants Plaintiff's motion for leave to proceed *in forma pauperis* [7] and assesses an initial partial filing fee of $1.80 pursuant to 28 U.S.C. §1915(b)(1). The supervisor of inmate trust accounts at the Cook County Jail is authorized to collect, when funds exist, the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer is authorized to collect monthly payments from Plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from Plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Il. 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action. The Cook County Jail inmate trust account office shall notify state correctional authorities of any outstanding balance in the event Plaintiff is transferred from the Jail to a state correctional facility.

| | Courtroom Deputy Initials: | CLH |
|---|---|---|

**STATEMENT**

While this case was pending, Plaintiff submitted an amended complaint [8] on June 20, 2008. Because an amended complaint replaces or supersedes the original complaint, the Court will not consider the allegations in Plaintiff's original complaint.

Plaintiff's amended complaint alleges the following: Plaintiff was arrested on January 26, 2006, without a warrant or probable cause. He was given a preliminary hearing on February 2, 2006, but no witnesses or victims appeared. The case was continued until February 22, 2006; once again, no one appeared. The court denied the State's motion for a continuance. The State dropped three charges and non-suited count 3. On March 1, 2006, the State went to the Grand Jury and retrieved a bill of indictment one of the dropped charges. The indictment (06-CR5155) says February Grand Jury, but it was held in March and the Clerk of the Court never authenticated the indictment with her signature. Plaintiff claims he was taken into custody on March 22, 2006, on an abandoned prosecution. Plaintiff has filed numerous motions to dismiss charges, subpoenaes duces tecum, motions of recusal, and habeas corpus petitions, all of which have been denied with no written reason as to why.

Plaintiff contends that state actors are denying his right to life, liberty, or property without due process of law. He claims that Defendant Judge Sacks knows that the charges were dropped and is acting as an adjunct appendage to a law enforcement team. Plaintiff claims he is being forced into a trial on a charge that should never have been brought before a Grand Jury.

Plaintiff requests immediate injunctive relief in the form of an order that he be released from this malicious prosecution and violation of his Fourth Amendment rights. Plaintiff also seeks to have Defendant Judge Sacks removed from the bench for allegedly breaching his contractual duties and negating his fiduciary obligations.

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court significantly limited the power of the federal courts to interfere with state judicial proceedings, holding that a district court may not enjoin pending state criminal proceedings even if the state is seeking to enforce through that prosecution an unconstitutional law. This Court therefore cannot grant the relief that Plaintiff seeks. In addition, an inmate may not use a civil rights action in an attempt to gain release; his sole remedy is by way of a petition for a writ of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475 (1973), with its concomitant requirement of exhaustion of state remedies. See *Rose v. Lundy*, 455 U.S. 509, 518 (1982). The Court notes that Plaintiff has already filed a petition for a writ of habeas corpus, which was dismissed by Judge St. Eve under the *Younger* standard. See *Carlos-El v. Devine*, No 08 C 1176 (N.D. Ill. Mar. 5, 2008).

For the foregoing reasons, this suit must be dismissed for failure to state a claim upon which relief may be granted. Plaintiff is cautioned that if a prisoner has had a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, he may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).